IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


MICHAEL L. GRITZ,

                              Plaintiff,

              v.                          CASE NO. 06-3266-SAC

JEFFERSON COUNTY DISTRICT COURT,

                              Defendant.


O R D E R

    This matter is before the court on a pro se complaint filed
under 42 U.S.C. § 1983 by a prisoner confined in the Jefferson
County Jail in Oskaloosa, Kansas.  Also before the court is
plaintiff's motion for leave to proceed in forma pauperis under 28
U.S.C. § 1915.

    Pursuant to 28 U.S.C. § 1915(b)(1), the court is required to
assess an initial partial filing fee of twenty percent of the
greater of the average monthly deposits or average monthly balance
in the prisoner's account for the six months immediately preceding
the date of filing of a civil action.  Having examined the available
records, the court finds the average monthly deposit to plaintiff's
account during the relevant period is $65.00, and the average
monthly balance is $48.38.  The court therefore assesses an initial
partial filing fee of $13.00, twenty percent of plaintiff's average
monthly deposit, rounded to the lower half dollar.

    Because plaintiff is a prisoner, the court is required to
screen his complaint and to dismiss the complaint or any portion
thereof that is frivolous, fails to state a claim on which relief

may be granted, or seeks monetary relief from a defendant immune from such relief.   28 U.S.C. § 1915A(a) and (b).

In this action, plaintiff seeks damages for mental anguish resulting from a state sentence that was not corrected to be in compliance with state law.   The sole defendant named in the complaint is the Jefferson County District Court.   Plaintiff states his probation was revoked in August 2001, and the state district court imposed a sentence of 12 months confinement and 24 months of post supervision release.   Plaintiff further states he and the Kansas Department of Corrections recognized that the term of post supervision release did not comply with state law, but it appears the journal entry of sentencing was not corrected until a nunc pro tunc order was entered in November 2002.   Plaintiff claims he was thus unlawfully confined for violating the terms of his post release supervision from expiration of his prison term in January 2002 until his release in 2002.   Having reviewed plaintiff's allegations, the court finds this action is subject to being summarily dismissed for the following reasons.

To the extent plaintiff seeks damages for confinement pursuant to a state sentencing order that was later corrected, his claim for damages arguably arose upon entry of the nunc pro tunc sentencing order in November 2002.   *See* Heck v. Humphrey, 512 U.S. 477, 486-87 (1994)(a claim for damages arising from a conviction or sentence that has not been invalidated is not cognizable under § 1983).   Relief on such a claim, however, is subject to a two year limitations period.   *See* Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630-31 (10th Cir. 1993)(two-year statute of limitations applies to civil rights actions brought pursuant to 42

2

U.S.C. § 1983). Accordingly, plaintiff's claim for damages is now subject to being dismissed as time barred.[1]

Additionally, the Jefferson County District Court and judges therein would be immune from plaintiff's claim for damages. *See* Stump v. Sparkman, 435 U.S. 349, 362-64 (1978)(judges are protected by absolute immunity in civil rights actions from liability based on their judicial actions). This broad judicial immunity extends to judicial acts done in error, maliciously, or in excess of authority. Id. at 356.

Accordingly, plaintiff is directed to show cause why the complaint should not be dismissed as stating no claim for relief. *See* 28 U.S.C. 1915A(b)(1)(court is to dismiss complaint or any claim that is frivolous, malicious, or fails to state a claim for relief); 42 U.S.C. § 1997e(c)(1)("The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983], or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief an be granted, or seeks monetary relief from a defendant who is immune from such relief.").

IT IS THEREFORE ORDERED that within thirty (30) days, plaintiff shall submit an initial partial filing fee of $13.00. Any objection to this order must be filed on or before the date payment is due.

---

[1] *See also* 42 U.S.C. § 1997e(e)("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury").

The failure to pay the fee assessed herein may result in the dismissal of this action without prejudice.

IT IS FURTHER ORDERED that plaintiff is granted thirty (30) days to show cause why the complaint should not be summarily dismissed for the reasons stated by the court.

Copies of this order shall be mailed to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 10th day of October 2006 at Topeka, Kansas.


  s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge